IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILMA LEE CASTOR,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, MICHAEL ROTHWELL, KONDA YOUNG, DENISE DAVIDSON, KAYLA VAN DAAM, and LISA STANTON,<br><br>Defendants. | 4:17CV3065<br><br>MEMORANDUM AND ORDER |

Plaintiff filed a Complaint on June 5, 2017. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner confined at the Nebraska Correctional Center for Women in York, Nebraska. She names several Nebraska Department of Correctional Services ("NDCS") employees as Defendants in this action.

Plaintiff took her property to be "sent out, donated, and/or destroyed" prior to her anticipated transfer to a correctional facility in Oregon. (*See* Filing No. 1 at CM/ECF pp. 1-9.) After further review, NDCS declined Plaintiff's request for transfer. (*Id*. at CM/ECF p. 10.) The Office of Risk Management and the State Claims Board subsequently denied Plaintiff's claims for reimbursement. (*Id*. at CM/ECF pp. 11-16.) Plaintiff's attachments show she knew that she could file a lawsuit in the district court of the appropriate county if she disagreed with the

decision of the State Claims Board. (*Id*. at CM/ECF pp. 15-16.) Now, in this action, Plaintiff seeks reimbursement for her lost personal property and "related expenses" associated with her cancelled transfer. (*Id*. at CM/ECF p. 7.) She further alleges that she suffered emotional and mental stress from this experience. (*Id*. at CM/ECF p. 6.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

Liberally construed, Plaintiff alleges NDCS employees violated her due process rights under the Fourteenth Amendment when they lost her property.[1] However, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981). There is no constitutional violation here, because the Nebraska State Tort Claims Act provides adequate post-deprivation remedies to compensate individuals for personal property loss. *See* Neb. Rev. Stat. § 81-8,209 *et seq*. It appears that Plaintiff did not avail herself of the full remedies under the State Tort Claims Act. Accordingly,

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice for failure to state a claim.

2. A separate judgment will be entered.

---

[1] Any compensatory damages that Plaintiff seeks for emotional distress or mental anguish are foreclosed by the Prison Litigation Reform Act because she did not suffer any physical injury. *See* 42 U.S.C. § 1997e(e) ; *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) ("[W]e read section 1997e(e) as limiting recovery for mental or emotional injury in all federal actions brought by prisoners.").

Dated this 10th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge